Honorable Thos. A. Wheat, March 21, 1939, Page 2

trict shall be under their control; and they shall have the exclusive power to manage and govern said schools, and all rights and titles to property for school purposes heretofore vested in the mayor, city councils, or school trustees by articles 3995, 4013 and 4032, Revised Statutes of 1895, or other statutes, general and special, except such cities as are exempted by this title, shall be vested in said board of trustees and their successors in office; and their claims shall apply to any action or suit which may arise to which said board is a party."

Section 2 of Article 2827 reads as follows:

"Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources may be used for the purposes enumerated for State and county funds and for purchasing appliances and supplies, for the payment of insurance premiums, janitors and other employes, for buying school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees, the accounts and vouchers for county districts to be approved by the county superintendent; provided, that when the State available school fund in any city or district is sufficient to maintain the schools thereof in any year for at least eight months, and leave a surplus, such surplus may be expended for the purposes mentioned herein."

The first above quoted Article, to-wit, Article 2780, was passed in 1905 as a part of a long and comprehensive school act (Senate Bill No. 218, Chapter 124, Acts 1905, pp. 263-311), and a reading of the original act shows that this particular provision applies to all independent school districts. In 1911 this Article was recodified as Article 2892; and referring to it by that number in the case of Temple Independent School District vs. Proctor (Civ. App.) 97 S.W. (2d) 1047, the court said:

"* * *article 2892, R.S. 1911, which brought forward in part section 168, Acts 1905, clearly applies, we think, to all trustees of independent districts, whether appointed by the city council or elected by popular vote. * * * A reference to the cited articles of the 1895 R.S. clearly shows that it was the intent of the Legislature that said article 2892, R.S. 1911, should apply to all types of independent districts,* * * "

The second above quoted Article, to-wit, Article 2827, was passed in 1919 (Senate Bill No. 209, Chapter 122, Acts 1919, p. 189), and a reading of that Act shows that it was intended to apply to all school districts. The Commission of Appeals speaking through Judge Critz in the case of Harlingen Independent School Dist. vs. C. H. Page & Bro., 48 S.W. (2d) 983, thought that this Article applied to all school districts, including independent school districts, when it said:

"Local school funds, that is, funds not derived from the state and county, may be used: (a) for the purposes for which state and county funds may be used; (b) for purchasing appliances and supplies; (c) for the payment of insurance premiums, janitors, and other employees; (d) for buying sites, buying, building and repairing and renting school-houses; and (e) other purposes necessary to conduct the public schools to be determined by the board of trustees. Subdivision 2, article 2827."

Let us now try to determine what authority the trustees in this case have by virtue of these two articles. Article 2780 says that "they shall have the exclusive power to manage and govern said schools". Article 2827, in Section 2, says that "local school funds from district taxes * * * and other local sources may be used * * * for purchasing appliances and supplies, for the payment of insurance premiums * * * for buying school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees". We think these Articles clearly authorize the Board of Trustees in this case to spend the money in question for a school bus.

The money in question is bound to be local school funds because the only other kind of school funds are State and county school funds, and they cannot be used for building school houses, which is by virtue of Section 1 of Article 2827, which reads as follows:

"The State and county available funds shall be used exclusively for the payment of teachers' and superintendents' salaries, fees for taking the scholastic census, and interest on money borrowed on short time to pay salaries of teachers and superintendents, when these salaries become due before the school funds for the current year become available; provided that no loans for the purpose of payment of teachers shall be paid out of funds other than those for the then current year."

When this school house was built, it was built with local funds of some kind, and now that it has burned down we think that the insurance money could be considered as local funds.

In this day and age when travel by bus has become so practical that very few people object to it, and conveying school children by bus is done in most communities, we believe that the buying of this bus could be deemed a purpose necessary in the conduct of the school, and, therefore, justified under Section 2 of Article 2827, as well as under Article 2730; provided, of course, the trustees are acting in good faith.

In 37 Tex. Jur. 950, the following is said:

"School trustees ordinarily have the exclusive control and management of school property and exclusive possession thereof. In exercising this discretion they may locate and construct district buildings upon such sites, and in accordance with such plans and specifications as in their judgment seem proper. And, in the absence of a showing of corruption, fraud, or bad faith, their discretion will not be reviewed. This power must, however, be exercised so as best to serve the interests of the public."

Our answer to your inquiry is that the Board of Trustees of an independent school have the authority to take the money collected as fire insurance on a school house destroyed by fire and use this money to buy a school bus with which to transport the children in that vicinity to another school in that district, providing the trustees are acting in good faith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____

Cecil C. Rotsch
Assistant

:FO

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL OF TEXAS